**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRYSON McCASKILL and CARLITOS McTIZIC, individually and on behalf of all other similarly situated persons, known and unknown, | ) | 1:20-cv-5097 |
| Plaintiffs, | ) | Hon. John F. Kness |
| v. | ) | |
| AMERICAN PUBLIC DEFENSE INC., an Illinois corporation, LEWIS BROWN, VALENCIA BROWN, ERNEST JACKSON and JUAN BATALLA, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' AGREED MOTION FOR APPROVAL OF FLSA SETTLEMENT AND ENTRY OF CONSENT JUDGMENT UNDER SEAL**

Plaintiffs, Bryson McCaskill and Carlitos McTizic, together with the Opt-In Plaintiffs ("**Plaintiffs**"), through their undersigned counsel, move this honorable Court, with the agreement of Defendants American Public Defense Inc. ("**APD**") and Lewis Brown ("**Brown**") for approval of their confidential settlement agreement as fair and reasonable pursuant the FLSA, and for entry of a Consent Judgment under seal to effectuate the terms of the parties' confidential settlement. In support of this agreed motion, Plaintiffs state:

1. Plaintiffs McCaskill and McTizic filed this action on August 28, 2020, alleging claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("**FLSA**"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("**IMWL**"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, ("**IWPCA**") seeking damages and other relief against the Defendants for, *inter alia*, their failure to pay overtime wages to the Plaintiffs.

2. Plaintiffs McCaskill and McTizic filed this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and brought their IMWL and IWPCA claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3. In addition to the two named Plaintiffs, 15 individual opt-in plaintiffs have filed consent forms to join this action, and all are deemed plaintiffs for all purposes. *See* 29 U.S.C. § 216(b); *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (opt-in plaintiffs are full parties to action for all claims); *Coan v. Nightingale Home Healthcare, Inc.*, 2006 U.S. Dist. LEXIS 48193, *6 (S.D. Ind. July 14, 2006) ("Under the opt-in procedures of 29 U.S.C. § 216(b), all 66 of the plaintiffs have affirmatively opted in as plaintiffs in this case, and they are full parties for all purposes.").

4. The Plaintiffs, and the remaining Defendants, APD and Lewis Brown, have reached a confidential settlement of all claims in this action.

5. District courts in the Seventh Circuit routinely required approval of FLSA settlements. *See Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016). Before approving an FLSA settlement, a court must find that the settlement "represents a fair and equitable resolution of a *bona fide* dispute" under the FLSA. *Id.* If a court is satisfied that an FLSA settlement is the product of contested litigation, approval of the settlement is usually appropriate. *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ 3571, 2016 U.S. Dist. LEXIS 126893 (N.D. Ill. Sept. 16, 2016).

6. On May 12, 2021, APD and Brown, through their attorney, John Billhorn, filed an Answer to the Complaint, in which they (a) denied any liability to Plaintiffs, claiming that all Plaintiffs were exempt independent contractors, (b) denied the extent of Plaintiffs' claimed damages, and (c) denied other material allegations in the Complaint.

7. The Parties' settlement is the product of contested litigation and arms' length negotiations between all of the 17 plaintiffs (2 named plaintiffs and 15 opt-in plaintiffs), and APD and Lewis Brown.

8. The settlement agreement provides fair monetary relief to Plaintiffs while eliminating the risks the parties would bear if litigation continued to resolution on the merits. It also provides for the entry of Consent Judgment against the Defendants that will be fully enforceable against them for a larger monetary amount in the event that they do not make the settlement installment payments on a timely basis as set forth in the parties' confidential settlement agreement and the Consent Judgment itself. Moreover, the majority of the settlement proceeds are being allocated to the Plaintiffs and not to counsel for the Plaintiffs.

9. No motion for class certification has been filed and the parties' settlement does not involve certification of a Rule 23 class action. Instead, the settlement binds only the named and opt-in Plaintiffs whose filed consents remain pending in this action as of the settlement date.[1]

10. Pursuant to the terms of the confidential settlement agreement, the Parties request (a) the entry of an order finding the terms of the settlement to be fair and reasonable and (b) entry of a Consent Judgment under seal to effectuate the terms of the parties' confidential settlement, which requires the Defendants to make installment payments over a period of eight months.

11. For the Court's *in camera* review, the Parties will submit a signed copy of the Confidential Settlement Agreement and Mutual Release, which includes the parties' Proposed

[1] Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Rule 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *Kujat v. Roundy's Supermarkets*, 2021 U.S. Dist. LEXIS 161249, *3 (N.D. Ill. Aug. 11, 2011).

Consent Judgment (attached as Exhibit A thereto), pursuant to Judge Kness' posted procedure for the submission of proposed orders.

12. The parties request that the Proposed Consent Judgment be filed under seal. Local Rule 26.2 provides that "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal." Good cause exists for entry of the Consent Judgment under seal because (a) the settlement is the product of arms' length negotiations between the parties, (b) all parties have requested that the Consent Judgment be filed under seal, (c) a core term of the settlement agreement is its confidentiality, which fostered meaningful settlement negotiations between the parties that will conclude pending litigation, (d) the Consent Judgment will remain under seal only so long as the Defendants make all of the timely settlement payments, and in such event, it will then be vacated by the parties. Alternatively, if Defendants fail to make all settlement payments on a timely basis, then the Plaintiffs will be able to file a motion to unseal the Consent Judgment and pursue collection against the Defendants. In this way, the public's right of access to court records is not harmed and the parties' interests in settling this matter are advanced.

WHEREFORE, Plaintiffs, Bryson McCaskill and Carlitos McTizic, together with the Opt-In Plaintiffs, move this honorable Court, with the agreement of Defendants American Public Defense Inc. and Lewis Brown, for entry of an order finding their confidential settlement agreement fair and reasonable pursuant the FLSA, for entry of their proposed Consent Judgment under seal, and for such other and further relief as this Court deems just and proper.

Dated: November 2, 2021

Respectfully Submitted,

BRYSON McCASKILL
and CARLITOS McTIZIC,
and all Opt-In Plaintiffs

By: __/s/ Antonio DeBlasio____________
One of Plaintiffs' Attorneys

***Counsel for Plaintiffs McCaskill and McTizic and the Opt-In Plaintiffs***
Antonio DeBlasio
David M. Gower
DEBLASIO & GOWER LLC
2001 Midwest Road, Suite 100
Oak Brook, Illinois 60523
Tel. (630) 560-1123
Fax (630) 364-4206
deblasio@DGLLC.net
gower@DGLLC.net

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he electronically filed the foregoing **PLAINTIFFS' AGREED MOTION FOR APPROVAL OF FLSA SETTLEMENT AND ENTRY OF CONSENT JUDGMENT UNDER SEAL** with the Clerk's Office using the CM/ECF System and that he caused the same to be served upon the person(s), and at the addresses, identified on the Service List below via First Class U.S. Mail, postage prepaid by depositing same in the U.S. Post Office Box located at 2001 Midwest Road, Oak Brook, Illinois, and via email where indicated, on November 2, 2021. The undersigned certifies that copies of documents required to be served by Fed.R.Civ.P. 5(a) have been served.

/s/ Antonio DeBlasio

**SERVICE LIST**

***Bryson McCaskill, et al. v. American Public Defense Inc., et al***
***U.S. Dist. Ct., N.D. Ill., E. Div. (No. 20-cv-5907)***

**Defendants**
American Public Defense Inc.
c/o its President, Lewis Brown
9453 S. Ashland Avenue, Suite 10
Chicago, IL 60620
Email : lewis.brown3@apdsecuirty.com
Email : lbrown5408@yahoo.com

American Public Defense Inc.
c/o its Registered Agent, Lewis Brown
3430 Flossmoor Road
Flossmoor, IL 60422

Lewis A. Brown
9453 S. Ashland Avenue, Suite 10
Chicago, IL 60620
Email : lewis.brown3@apdsecuirty.com
Email : lbrown5408@yahoo.com